FILED

LAURA JUNG MEE CHUNG
2700 NIELSON WAY, APT 436
SANTA MONICA, CA 90405
Telephone: (310) 817-3533
Laurachungsc@gmail.com

2017 SEP 12  PM 2: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

**United States District Court**
**Central District of California**

| | |
|---|---|
| LAURA JUNG MEE CHUNG | SA CV17-01582-DMG(JEM) |
| Plaintiffs, | COMPLAINT FOR: |
| Vs. | 1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | 2. ABUSE OF PROCESS |
| BEHAVIORAL SYSTEMS SOUTHWEST, INC. | 3. FALSE IMPRISONMENT |
| Defendants, | 4. DEPRIVATION OF RIGHTS |
| | JURY TRIAL DEMANDED |

Plaintiff LAURA JUNG MEE CHUNG, hereby commences a complaint in the interest of her husband Jae Ho Chung, against defendant BEHAVIORAL SYSTEMS SOUTHWEST, INC. for the sequence of events and acts which lead to an actionable civil wrong. Plaintiff herein alleges the following:

PAID
SEP 12 2017
Clerk, US District Court
COURT 4612

-1-

## JURISDICTION AND VENUE

1. The court has subject matter jurisdiction over plaintiff's claims under 42 U.S. Code § 1983.

2. Venue is proper in the Central District of California Pursuant to 28 U.S Code § 1343(a) and § 1391 because the events which provoked this action occurred within this district and Plaintiff resides within this district.

## PARTIES

3. Plaintiff LAURA JUNG MEE CHUNG is, and at all times relevant, a citizen of California working and residing in Los Angeles County.

4. Defendant BEHAVIORAL SYSTEMS SOUTHWEST, INC. is being sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of its employees.

## FACTUAL ALLEGATIONS

5. On June 18, 2017, Jae Ho Chung arrived at Vinewood Residential Reentry Center (RRC). Jae Ho Chung was granted early release from the Federal Corrections Institution of Florence, Colorado, where he was serving a sixty-three month sentence.

6. While Jae Ho Chung was living at (RRC), he became acquainted with (RRC) employee Jeferson Espanola Deleon. Mr. Espanola Deleon continued his communication with Mr. Chung and eventually asked Mr. Chung for his phone number.

7. On about July 19, 2017, Jae Ho Chung had a conversation with (RCC) employee Carla Gutierrez regarding college grants that would help a single mother of three children like herself. Both Jeferson Espanola Deleon and Jae Ho Chung

can place (RCC) employee Farnia Vinwood present during the conversation Mr. Chung and Ms. Gutierrez had.

8. Jeferson Espanola Deleon conjured up a plan with malicious intent to cause harm to Jae Ho Chung. The actions and confession of Mr. Espanola Deleon revealed his reasons for texting Ms. Gutierrez's cell phone number to Mr. Chung. Mr. Espanola Deleon insisted that Mr. Chung contact Ms. Gutierrez directly and that Ms. Gutierrez was aware and expecting Mr. Chung's call. Mr. Espanola Deleon intentionally violated one of the (RRC) policies, but did not care.

9. On August 23, 2017, Jae Ho Chung called Ms. Gutierrez on her phone to talk about the college grants. Mr. Chung called around 8:20 PM, while having dinner at his home with his wife, children and his employer, Hwan Lee. There was no answer. At around 8:30 PM, Ms. Gutierrez returned the missed call and realized it was Mr. Chung. She mentioned that Mr. Chung was in violation of (RCC) policy for contacting an (RCC) employee and she reported the incident the next day.

10. The incident report was delivered to Jae Ho Chung on August 28, 2017 at 2:30 PM my Peggy Barbee. The alleged violation was code #203 Threatening another with any other offense. A Center Discipline Committee Hearing was held the next day August 29, 2017 at 4:00PM at the Vinewood facility.

11. No consideration was given to Mr. Chung's contentions or exculpatory evidence [Jeferson Espanola Deleon's Declaration], and was sanctioned with A) Treatment will be increased to twice a week to maintain recovery, B) Projected release date will be delayed Sixty days to allow for more time in treatment to address the relapse. Community Treatment Oversight Specialist Michael Phillips recommended such sanctions.

12. On August 31, 2017, Jae Ho Chung was removed from his home and booked in the Santa Ana City Jail.

# FIRST CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

13. Defendant's employee Jeferson Espanola Deleon engaged in, instigated and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Jae Ho Chung, at which transferred intent doctrine applies to Plaintiff.

14. Such conduct was also intentional and reckless, of which Defendants' employee's position was abused in relation to Jae Ho Chung, and comprised Plaintiffs interest.

15. This Court has the duty to scrutinize intentional and reckless conduct that causes emotional distress when a Plaintiff is vulnerable to a Defendant's authority over him/her.

16. The truth of the alleged claims will be revealed at trial, and the damages caused serious harm.

17. As a result of the acts alleged, Plaintiff suffered severe or extreme emotional distress, entitling her to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## ABUSE OF PROCESS

18. Defendant's employee Jeferson Espanola Deleon misled the Jae Ho Chung with the malicious intent to omit the existence of such violation of contacting (RCC) employees.

19. Defendant's administrative process was wrongfully executed in regards to violation #203 Threatening another with any other offense.

20. The acts that violate rule #203 Threatening another with any other offense, were never committed by Jae Ho Chung, but was punished for the speculation of a threat, thereafter.

21. Violation #203 Threatening another with any other offense was broadly and wrongfully interpreted and applied.

22. Defendant's employees lack of following company rules and regulations further taints the administrative processes which are granted to all citizens of the United States, including prisoners, by the Due Process Clause of the United States Constitution.

23. As a result of the acts alleged, Plaintiff suffered harm, entitling her to damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT

24. Through actions described herein on August 31, 2017, Defendant intentionally and wrongfully transferred Jae Ho Chung to confinement in Santa Ana City Jail without lawful justification, despite employee misconduct.

25. Plaintiff did not consent to such confinement.

26. Defendants conduct directly and indirectly resulted in such confinement.

27. Defendant intended to confine Jae Ho Chung, with a turn key disciplinary process which was executed by Defendant arbitrarily.

28. As a result of the acts alleged, Plaintiff suffered harm, entitling her to damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS

29. As a result of all alleged causes of action, Defendant deprived Jae Ho Chung of his rights, privileges and immunities secured by the Constitution.

30. Pursuant to 42 U.S. Code § 1983, every person who, under color of any statute, ordinance, regulation or custom deprives any citizen of the United States of the rights mention herein, shall be liable to the party injured in an action of law.

31. As a result of the acts alleged, Plaintiff suffered harm, entitling him to damages in the amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

I. Recovery of actual and compensatory damages sufficient to restore the severe harm done.

II. Correct and reinstate Jae Ho Chung's initial release date of December, 08, 2017.

III. Deduct the time of punishment, as a result of Defendants conduct from Jae Ho Chung's release date of December 08, 2017. The time frame begins the day of the incident report, August 23, 2017.

IV. For costs of suit herein incurred; and

V. For such other and further relief as the court deem just and proper.

DATED: September 11, 2017

Respectfully submitted,

*[signature]*

Laura Jung Mee Chung
In the Interest of Jae Ho Chung